UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THOMAS TORNATORE,

Plaintiff,

vs.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendant.
_________________________________)

## COMPLAINT

The Plaintiff, Thomas Tornatore ("TORNATORE"), by and through the undersigned counsel, hereby sues Life Insurance of Company of America ("LINA") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under employee benefits plans regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of employee benefits plans, and to clarify Plaintiff's rights under the employee benefit plans administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. TORNATORE was at all times relevant a plan participant under The

United Recovery Systems L.P. ("URS") Long Term Disability Plan, Group Policy LK0963224 ("LTD" Plan).[1]

3. Defendant, LINA, is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in, and may be found in the Southern District of Florida. LINA is the insurer of benefits under the URS LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINA LTD Plan are employee welfare benefit plans regulated by ERISA, established by URS under which TORNATORE was a participant, and pursuant to which TORNATORE is entitled to Long Term Disability benefits ("LTD benefits").

5. Pursuant to the terms and conditions of LTD Plan, TORNATORE is entitled to benefits for the duration of the Plaintiff's disability, for so long as TORNATORE remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINA, is authorized to and is doing business within the Southern District of Florida.

## **COUNT I:**
## **CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B) UNDER POLICY LK-98007**

7. TORNATORE incorporates by reference all preceding paragraphs as

---

[1] A copy of the LTD Plan is attached hereto as Exhibit "1."

though fully set forth herein.

8. At all times relevant, TORNATORE was an employee or former employee of URS. and a plan participant under the terms and conditions of the LTD Plan.

9. During the course of TORNATORE's employment, TORNATORE became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while TORNATORE was covered under the LTD Plan, TORNATORE suffered a disability, which due to the privacy of same is discussed in great detail in the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

10. Pursuant to the terms of the LTD Plan, TORNATORE made a claim to LINA for LTD benefits under the LTD Plan with an effective date of disability of May 1, 2015.

11. The LTD Plan defines disability to mean: The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is (1) unable to perform the material duties of his or her Regular Occupation; and (2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation. After Disability Benefits have been payable for 60 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is (1) unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and (2) unable to earn 80% or more of his or her Indexed Earnings.

12. LINA advised TORNATORE on August 13, 2015, that it was denying his initial application for LTD benefits as LINA had determined that the medical information on file did not support complete physical functional limitations.

13. On or about October 2, 2015, TORNATORE submitted his mandatory appeal of LINA's denial.

14. LINA advised TORNATORE that he had until November 6, 2015, to submit additional information in support of his appeal.

15. TORNATORE submitted a October 14, 2015, Functional Capacity Examination in support of his appeal, which indicated that TORNATORE did not demonstrate the physical ability to perform the estimated essential physical requirements as set forth by the Department of Labor of his pre-disability occupation.

16. On November 14, 2015, the Social Security Administration determined that TORNATORE was disabled under its standards as of his last date worked, April 30, 2015. TORNATORE provided LINA with the award letter.

17. On January 4, 2016, LINA advised TORNATORE that it was upholding the denial of his claim for benefits stating there was nothing in the medical records presented to preclude TORNATORE from, "functioning in a capacity consistent with activities of daily living from May 1, 2015, through July 29, 2015 and July 30, 2015."

18. On June 21, 2016, TORNATORE submitted a voluntary appeal of LINA's denial of his claim for benefits, providing additional objective medical evidence in support of his entitlement to LTD Benefits.

19. On July 7, 2016, TORNATORE received a copy of his SSDI claim file from the SSA and forwarded same to LINA.

20. Despite all of the information supporting disability, LINA issued a 4 page denial on October 4, 2016, upholding the denial of TORNATORE's claim.

21. TORNATORE has exhausted all mandatory administrative remedies.

22. LINA breached the LTD Plan and violated ERISA in the following

respects:

a. By failing to pay LTD benefits to TORNATORE at a time when LINA and the LTD Plan knew, or should have known, that TORNATORE was entitled to those benefits under the terms of the LTD Plan, as TORNATORE was disabled and unable to work and therefore entitled to benefits.

b. After TORNATORE's claim was denied in whole or in part, LINA failed to adequately describe to TORNATORE any additional material or information necessary for TORNATORE to perfect his claim along with an explanation of why such material is or was necessary.

c. LINA failed to properly and adequately investigate the merits of TORNATORE's disability claim and failed to provide a full and fair review of TORNATORE's claim.

23. TORNATORE believes and alleges that LINA wrongfully denied his claim for LTD Benefits under the LTD Plan by other acts or omissions of which TORNATORE is presently unaware, but which may be discovered in this future litigation and which TORNATORE will immediately make LINA aware of once said acts or omissions are discovered by TORNATORE.

24. As a proximate result of the aforementioned wrongful conduct of LINA under the LTD Plan, TORNATORE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

25. As a further direct and proximate result of this improper determination regarding TORNATORE's claims for benefits, TORNATORE, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), TORNATORE is entitled to have such fees and costs paid by LINA.

26. The wrongful conduct of LINA has created uncertainty where none should exist, therefore, TORNATORE is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Thomas Tornatore prays for relief against Life Insurance Company of America as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: December 14, 2016

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

__/s/ *Stephen F. Jessup*__________
STEPHEN F. JESSUP, ESQUIRE
Florida Bar No.: 0026264
Email: stephen@diattorney.com